1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  RICHARD C. OREMUS,                No. CIV S-09-2734-MCE-CMK-P

12           Plaintiff,

13      vs.                    FINDINGS AND RECOMMENDATIONS

14  CALIFORNIA HIGHWAY
   PATROL, et al.,

15

16          Defendants.
                            /

17         Plaintiff, a state prisoner proceeding pro se, brings this civil action.  Pending

18 before the court is plaintiff's complaint (Doc. 1).

19         The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21 § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22 granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening

23 provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25 from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

26 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints

1 contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

2 Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.

3 See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).

4 These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim

5 and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

6 Because plaintiff must allege with at least some degree of particularity overt acts by specific

7 defendants which support the claims, vague and conclusory allegations fail to satisfy this

8 standard. Additionally, it is impossible for the court to conduct the screening required by law

9 when the allegations are vague and conclusory.

10

11 **I. PLAINTIFF'S ALLEGATIONS**

12 Plaintiff names the following as defendants: California Highway Patrol and

13 Rocklin Police Department. Plaintiff claims:

14 > My vehicle was illegally impounded with a guise that it was being
> tooken for evidence. I placed numerous request to California
15 > Highway Patrol and Rocklin Police Department to retrieve my
> vehicle. But it was kept under false pretenses, and then my vehicle
16 > is discarded by acting agencies. No protocol or procedure was
> conducted with my vehicle under "provisions of evidence" (per CA
17 > Evidence Code revised edition 2009" my vehicle was. I had family
> attempt to retrieve my vehicle and due to negligence of these two
18 > agencies my car was left to be vanished. I did my part in all aspect
> to retrieve my property that was stolen by these two agencies!
19 > Why was I subjected to predjuces [sic] and discrimination.

20

21 **II. DISCUSSION**

22 Plaintiff's complaint suffers from two defects. First, Plaintiff only names two

23 agencies as defendants, no individuals are named as specifically responsible for the alleged

24 actions. Second, Plaintiff is claiming depravation of property without due process, for which

25 there is an adequate state remedy.

26 ///

A.    <u>IMMUNITY</u> (California Highway Patrol)

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  <u>See</u> <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  <u>See</u> <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per curiam); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities.  <u>See</u> <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859 (9th Cir. 1995); <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  <u>See</u> <u>id.</u> Under the doctrine of <u>Ex Parte Young</u>, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  <u>See</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh Amendment also does not bar suits against cities and counties.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.54 (1978).

Here, Plaintiff names the California Highway Patrol as a defendant.  He does not name any individual officers, but the agency itself as a defendant.  However, the California Highway Patrol is a state agency, thus protected from suit under the Eleventh Amendment.  As such, Plaintiff is unable to proceed with his claim against the California Highway Patrol.

B.    <u>MUNICIPAL LIABILITY</u> (Rocklin Police Department)

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983.  <u>See</u> <u>id.</u>

3

at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local

government unit, however, may not be held responsible for the acts of its employees or officials

under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.

397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not

of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the

plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to

withstand dismissal even if it is based on nothing more than bare allegations that an individual

defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los

Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Here, Plaintiff claims his vehicle was impounded and disposed of without

following proper procedures.  There are no allegations that any specific individual was

responsible for the actions taken, nor that the actions taken were the result of a policy or custom

of the Rocklin Police Department.  However, even if Plaintiff was granted leave to file an

amended complaint on this basis, as discussed below his claims suffer additional defects.

C.      DUE PROCESS

Where a prisoner alleges the deprivation of a liberty or property interest caused by

the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983

if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113,

129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy

may be adequate even though it does not provide relief identical to that available under § 1983.

See Hudson, 468 U.S. at 531 n.11.  An available state common law tort claim procedure to

recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.

Here, Plaintiff alleges he was deprived of his property by either a negligent or

deliberate act by one or both of the law enforcement agencies in failing to follow proper protocol.

At best, Plaintiff is claiming that he was denied due process by an unauthorized action of some

1  unknown individual.  However, there is no indication that the state does not provide an adequate

2  post-deprivation remedy for this situation.  As such, Plaintiff cannot state a cognizable claim

3  under § 1983.[1]

4

5                              **III.  CONCLUSION**

6           Because it does not appear possible that the deficiencies identified herein can be

7  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

8  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

9           Based on the foregoing, the undersigned recommends that Plaintiff's complaint be

10  dismissed for failure to state a claim for which relief can be granted.

11          These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  Responses to objections shall be filed within 14 days after service of

15  objections.  Failure to file objections within the specified time may waive the right to appeal.

16  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18   DATED: July 14, 2010

19
                                    _Craig M. Kellison_
20                                   _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE
21

22

23

24          [1]       In fact, presumably in accordance with the state's procedure, Plaintiff filed a
     request for compensation.  He even attaches to his complaint a copy of his claim for the loss of
25   property he filed with the Government Claims Program.  That claim was apparently denied as a
     late filed claim.  Plaintiff has also filed a request in this court for relief of the deadline in which
26   to file a claim.  However, this court does not have the ability to grant such a request.  Plaintiff
     would have to file such a request with the state.

                                         5